# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 3, 2024

Lyle W. Cayce
Clerk

No. 23-30365
Summary Calendar

———————

Ellis Keyes, Executor *for the Estate of* Christine C. Keyes,

*Plaintiff—Appellant*,

*versus*

BP Exploration & Production, Incorporated,

*Defendant—Appellee*.

———————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC Nos. 2:10-MD-2179, 2:14-CV-2211

———————————————

Before Jones, Southwick, and Graves, *Circuit Judges*.

Per Curiam:[*]

This appeal arises from the *Deepwater Horizon* oil spill that occurred in April 2010. Ellis Keyes, proceeding pro se and as executor of the estate of his mother, Christine C. Keyes, filed a civil toxic-tort complaint against BP Exploration & Production, Inc. (BP). He alleged that his mother's death in

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

September 2010 was attributable to exposure to environmental pollution released during the oil spill and the subsequent cleanup.

An order entered in the wider *Deepwater Horizon* multidistrict litigation case informed plaintiffs that, to establish personal injury claims, they had to "prove that the legal cause of the claimed injury or illness [was] exposure to oil or other chemicals used during the response" to the oil spill. *In re Oil Spill by Oil Rig "Deepwater Horizon" in Gulf of Mexico, on Apr. 20, 2010*, No. MDL 2179, 2021 WL 6053613, 11 (E.D. La. Apr. 1, 2021) (unpublished). BP filed a motion for summary judgment on the grounds that Keyes had not identified any expert testimony he would use on the issue of general causation. The district court granted judgment in favor of BP, and Keyes timely appealed.

On appeal, Keyes asserts that the district court erred in denying his motion to compel his mother's medical providers to produce her medical records and other discovery. In his opening brief, Keyes devotes two conclusional sentences to stating that summary judgment should not have been granted. In his reply brief, Keyes asserts that his mother's medical providers would have given expert testimony on causation, but he does not explain how they could have given expert testimony on general, rather than specific, causation. Although pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). By failing to adequately brief his appellate issues, Keyes has abandoned them. *See Yohey*, 985 F.2d 225.

Keyes is warned that it is inappropriate to include derogatory comments about a district-court judge or about the judiciary in general in documents filed with this court. Such comments, even by a pro se plaintiff, invite the striking of the documents in which they are contained. *See Theriault v. Silber*, 574 F.2d 197, 197 (5th Cir. 1978).

AFFIRMED; SANCTION WARNING ISSUED.